**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11189

Non-Argument Calendar

————————————————

WILLIAM P. BROWN,

*Plaintiff-Appellant,*

*versus*

JOHN DOES,
Unknown Naphcare Employees,
in official capacity, et al.,

*Defendants,*

SHERIFF, HILLSBOROUGH COUNTY FLORIDA,
in his individual and Professional Capacity,
HILLSBOROUGH COUNTY, FLORIDA,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00141-WFJ-AEP

————————————————

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

William P. Brown suffered a stroke while in pre-trial detention in Hillsborough County, Florida. Brown sued the county and its sheriff, alleging that they violated his Eighth Amendment rights. This appeal concerns the two claims in his fourth amended complaint: (1) that the jail had a custom and practice of denying medical treatment to inmates to save money; and (2) that the county and sheriff knowingly failed to provide jail personnel with proper medical training. The defendants moved to dismiss Brown's complaint for failure to state a claim. The district court agreed, granting dismissal with prejudice.

On appeal, Brown does not address his custom and practice claim, arguing only that the district court misconstrued his claim that the defendants breached their duty to properly train the jail personnel. After careful review, we conclude that Brown abandoned his custom and practice claim, and he alleged no facts showing that the defendants had a policy of deficient medical training. Thus, we affirm the district court's order.

## I.    BACKGROUND[1]

In late June 2022, Brown was a pre-trial detainee at the Faulkenberg Road Jail in Hillsborough County, Florida. On three

---

[1] In reviewing this motion to dismiss, we accept as true all facts pleaded in the complaint and construe ambiguities in favor of Brown as the nonmoving

occasions, occurring on June 17th, 20th, and 22nd, Brown requested medical attention from jail personnel. He complained of numbness on his right side and in his lower extremities, "extreme" headaches, diminished coordination, and "blurred vision and complete blindness in his left eye." Each time, jail personnel visited him at his cell but prescribed only limited treatment, if any.

On June 25th, Brown complained twice to the on-duty patrolling officer that he needed "urgent medical care," but these requests were "not followed up on." Eventually, Brown "collapsed on the floor" and "suffered a massive stroke." Brown was then brought to Tampa General Hospital where he was diagnosed with an Embolic Acute Stroke and underwent emergency surgery. He continues to suffer from the effects of brain damage resulting from the stroke.

Thereafter, Brown sued Hillsborough County and its sheriff (in his official capacity) under 42 U.S.C. § 1983 for violating his Eighth Amendment rights. Brown filed several complaints attempting to make out his claims, each of which the district court dismissed without prejudice. In the final dismissal without prejudice, the district court warned Brown that he had "*one final opportunity* to amend his complaint." (emphasis in original).

Brown made two claims in his fourth (and final) amended complaint. First, he alleged that Hillsborough County and its

party. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005)

sheriff had "full knowledge" that the jail had "a pattern and practice of failing to provide inmates with necessary outside medical intervention in order to save costs." Second, Brown alleged that the sheriff and county had a custom and practice of failing to train the jail personnel on how to properly respond to serious medical needs like Brown's. However, aside from recounting the events leading up to his stroke as set out above, Brown alleged no other incidents, pattern of other incidents, or facts to show that his solo incident was the product of a custom or practice.

Both the sheriff and the county moved to dismiss Brown's complaint for failing to state a claim. The sheriff argued that Brown had not identified any specific policy or practice that led to his injury, and in any event, Brown had not alleged sufficient facts to make out Eighth Amendment claims against the sheriff. The county argued that it was not a proper party to the lawsuit because the sheriff, not the county, was responsible for the events giving rise to the claim.[2]

Having given Brown multiple opportunities to amend and a final warning, the district court dismissed his fourth amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On the first claim—pattern and practice of not providing outside medical care to save costs—the district court ordered dismissal because "Brown allege[d] no facts to support this conclusory assertion that such a practice exists and

---

[2] The district court rejected the county's argument and held that the county "ha[d] not established that it bears no responsibility for [the sheriff]."

that it caused his injuries." On the second claim—failure to train—the court ordered dismissal because Brown alleged no facts tending to show the existence of any custom or practice that led to his injury. Brown then timely appealed.

## II.    DISCUSSION

We review the district court's order granting the defendants' motion to dismiss *de novo*. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). As Brown is proceeding *pro se*, we construe his complaint liberally. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69.

We begin with the district court's dismissal of Brown's first claim, that Hillsborough County and its sheriff had "full knowledge" that the jail "ha[d] a pattern and practice of failing to provide inmates with necessary outside medical intervention in order to save costs." "When an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Even liberally construed, we can discern from Brown no argument concerning the district court's dismissal of his pattern and practice claim in his initial brief, and thus we conclude that he has abandoned the issue. *See id.*

We turn now to the district court's dismissal of Brown's failure to train claim. In "limited circumstances," a municipality may be held liable for failing to train or supervise its employees.

*City of Canton v. Harris*, 489 U.S. 378, 387 (1989).  To sustain such a claim, a plaintiff must plead facts showing that the municipality was on notice of the alleged training deficiencies, either because it was "aware that a pattern of constitutional violations exist[ed], and nevertheless fail[ed] to provide adequate training," or, even "without evidence of prior incidents, [that] the likelihood for a constitutional violation [was] so high that the need for training [was] obvious." *Lewis v. Cty. of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009).

Brown's factual allegations focus entirely on his stroke incident; he pleaded no facts of any other incidents nor any data tending to show that there was a pattern of training-related constitutional violations more widespread than his personal experience.  *See Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1312 (11th Cir. 2011) (holding that a plaintiff inmate's own experience is, "at most, proof of a single incident of unconstitutional activity" and not a pattern of constitutional violations) (quotation omitted). Without alleging facts to show incidents other than his own, Brown has not pleaded a pattern of constitutional violations.  *See id.*

Nor do Brown's allegations establish that the need for training was obvious.  To plead obvious need, a plaintiff must plead factual circumstances that inexorably give rise to the kind of event for which training is necessary.  *See Lewis*, 561 F.3d at 1293.  For instance, the Supreme Court has explained that municipalities "know to a moral certainty that their police officers will be required

to arrest fleeing felons." *City of Canton*, 489 U.S. at 390 n.10. Thus, if a city arms its officers with firearms, there is an obvious "need to train officers in the constitutional limitations on the use of deadly force." *Id.* Here, Brown's allegations that the jail personnel on duty responded poorly to *his* stroke symptoms do not lead inexorably to the conclusion that the county and its sheriff knew to a moral certainty that the medical training of jail personnel was so deficient that the failure to provide additional training for jail personnel amounted to a constitutional violation. Thus, Brown failed to plead "[f]actual allegations [that] raise [his] right to relief above the speculative level," and the district court's dismissal was proper. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.    CONCLUSION

The district court's order dismissing Brown's complaint with prejudice for failure to state a claim is

**AFFIRMED.**